## Case No. 7,952.

### KURTZ v. HOLLINGSHEAD.

[3 Cranch, C. C. 68.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

DEEDS—RECORDING LOST DEED—EFFECT OF LOSS OF DEED.

If a complainant in equity has lost his legal lien and priority, a court of equity will not set it up against other creditors equally meritorious.

This was a bill in equity [against Hollingshead's heirs and personal representatives] for the sale of real estate mortgaged in August, 1814, by Hollingshead to D. Kurtz, as trustee for the Bank of Columbia, by two deeds which were not recorded, and are now lost. Mr. Melvin, one of the defendants, who indorsed other notes of Hollingshead, objects to the complainant's claim of priority, or lien upon the land. The two deeds were in possession of the bank at the commencement of this suit, and the bill prayed that they might be recorded agreeably to the 11th section of the act of Maryland, 1785 (chapter 72), which also provides that such deed, so recorded, should not "in any manner affect the creditors of the party making such deed, who may trust such party after the date of the said deed." The bill also prayed that the mortgages might be foreclosed, and the property sold for the payment of the debt.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

MORSELL, Circuit Judge, doubted.

Bill dismissed.

[Subsequently the case was heard upon the complainant's bill, asking to set up the lost deeds, and claiming an equitable preference. Case No. 7,953.]

## Case No. 7,953.

### KURTZ v. HOLLINGSHEAD.

[4 Cranch, C. C. 180.] [1]

Circuit Court, District of Columbia. May Term, 1831.

DEEDS — RECORDING IN DUE TIME — LOST DEED NOT RECORDED—RIGHTS THEREUNDER — DECEDENT'S ESTATE—RENTS AND PROFITS.

1. A deed executed by one of the grantors in Massachusetts, on the 1st of February, 1810, and by the other grantor on the 10th of August, 1810, in Georgetown, D. C., is to be considered as dated when the last grantor executed it, and if recorded within six months after that date, is

[1] [Reported by Hon. William Cranch, Chief Judge.]

recorded in due time. A widow is not barred by her acknowledgment of a deed not recorded.

2. In case of a sale under a creditors' bill, the heirs are entitled to the rents and profits from the death of their ancestor until the sale.

[See Bank of the United States v. Peter, Case No. 933.]

3. A creditor who seeks in equity. to set up a lost deed of trust. not recorded in due time. must come in pari passu with the other creditors.

Bill in equity to set up a lost deed of trust not recorded in due time.

The complainant [Daniel Kurtz] was the trustee named in two deeds of trust made on the 17th of August, 1814, one by John Hollingshead and Adam King, and the other by John Hollingshead, to secure a debt of $8,-112.50 due by the latter to the Bank of Columbia. The widow of Hollingshead had duly relinquished her dower, by acknowledging the deeds, but they were mislaid until the time for recording them had expired. The bank afterwards, to wit, on the 20th of June, 1815, filed the deeds in court, with a petition that they might be recorded, but they were lost out of the clerk's office, before any order of the court was made thereon. [The bill was, at the December term, 1826, dismissed on account of the loss of the deeds. Case No. 7,952.] The object of the present bill is to set up the lost deeds, and to obtain a decree for a sale of the property to pay the debt intended to be secured thereby; the sum now due being $7,250. Other creditors also filed their bill to subject the real estate of John Hollingshead to the payment of his debts, after exhausting the personal estate, and these cases came on to be heard together. A receiver had been appointed pendente lite to collect the rents and profits, and a sale was decreed and made.

Mr. Redin, for the widow and heirs of John Hollingshead, claimed, for the widow, her dower in her husband's interest in the real estate, and for the heirs their proportion of the rents accruing since the death of their ancestor, until the day of the sale; as was allowed by this court in the Case of Wharton's Heirs [Case No. 17,480], in June, 1825. The widow admitted, in her answer, that she did relinquish her dower, but it was by a deed invalid by want of being recorded, recording being necessary to the extinguishment of her right of dower. The privy examination and acknowledgment of a deed by a feme covert cannot be proved by parol. Elliot v. Peirsol, 1 Pet. [26 U. S.] 328. The widow was no party to the deed; she never executed it. The mere acknowledgment of her relinquishment of her dower does not make her a party to the deed.

Mr. J. Dunlop, contra. The Bank of Columbia has an equitable preference by reason of the accident (the loss of the deeds); for although not recorded in time to give a legal preference, they give an equitable priority. Pannell v. Farmers' Bank of Maryland, 7 Har. & J. 202. The creditors are entitled to the rents during the lis pendens; at least since a receiver was appointed. All the rents now in litigation have been received pendente lite. As to the dower; parol testimony may supply the defect of the record. But her husband had no legal estate; the deed under which he held was not recorded within six months after its date, as required by the Maryland statute of 1766, c. 14 [1 Maxcy's Laws, 264]. The deed was from Allen Dodge and Francis Dodge to George King, Adam King, and John Hollingshead, and was executed by Allen Dodge, in Massachusetts, on the 1st of February, 1810, which was the date inserted at the commencement of the deed, and was executed by Francis Dodge in Georgetown, D. C., on the 10th of August, which was the date inserted at the end of the deed, and the six months had expired as to the first of those dates, but not as to the second, when the deed was acknowledged.

Mr. Key, on same side. If the deeds had been duly recorded, the law would have given the bank the preference. The bank has lost that legal priority by an accident. The deeds were lost after they were filed, whereby they became part of the records of this court. A court of equity will supply the loss of the record. Hammond's Equity Digest, 481; Jesson v. Brewer, Dickens, 370. The rule that equitable assets shall be equally divided among all the creditors, applies only to cases where the plaintiff applies to the general equitable jurisdiction of the court; not to cases where a special power is given to a court of chancery. But in this case the application is to have the same remedy as if the deed had been recorded. The recording being prevented by accident, this court will consider the deeds as recorded. If a judgment creditor is obliged to come into equity to enforce his lien, the land will not be equitable assets. If a bond-creditor, who has lost his bond, comes into equity to get his bond established, he will not lose the privilege which the dignity of his debt gives him.

Mr. Redin, in reply. The only question now is as to the distribution of the rents, which are not the proceeds of the sale. The Maryland statute of 1785, c. 72, §§ 4, 5, only authorizes the payment of the debts out of the "proceeds of the sale," not out of the rents accruing before the sale. The bill only prays to be paid out of the proceeds of the sale. The rents accrued from 1822 to 1828. The original bill was filed on the 20th of June, 1815, the amended bill in 1827. A receiver was appointed in 1824, by consent. The deeds, if they were deeds of trust, did not give any right to the rents and profits until sale. The grantor and his heirs were to receive them. The question is not now whether Mr. Hollingshead had an estate of which his wife was entitled to dower; but whether she has relinquished it. The bill

avers that he had an estate in fee-simple, and the fact is admitted in all the proceedings. She was not a party to the deed; and only parties are bound by the recording under the statute of 1785, c. 72. There is no equity against dower. The widow could make no contract but in the form required by law. There was no consideration which could bind her conscience. These deeds were not a record. The filing them does not make them a record. It is only the loss of evidence, not the loss of a record. The receiver was appointed by consent of the parties in three causes, namely: King v. Hollingshead; Bank of Columbia (or Kurtz for the use of the Bank of Columbia) v. Hollingshead and King; and Hollingshead (widow) v. George King. The appointment of a receiver does not affect the rights of the parties.

THE COURT (nem. con.) was of opinion: (1) That the deed from A. & F. Dodge to George King, Adam King, and Jonathan Hollingshead, is to be considered as dated when it was executed by the last grantor, and, therefore, was recorded in due time. (2) That the widow was not barred of her dower by her acknowledgment, not recorded. (3) That the heirs were entitled to the rents and profits, from the death of their ancestor to the day of sale. (4) That the Bank of Columbia is not entitled to priority of payment out of the proceeds of the sale.

CRANCH, Chief Judge, delivered an opinion in writing, but it has been mislaid, and the court papers are not in place.